UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PALM BEACH DIVISION

CASE NO.: 9:14-cv-80003-KLR

ALVIN I MALNIK,

    Plaintiff
vs.

YRC, INC., TRU-PAK MOVING SYSTEMS, INC.,
and FREIGHTZ TRANSPORTATION, INC.

    Defendants.
_____/

**TRU-PAK'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant, TRU-PAK MOVING SYSTEMS, INC.. (hereinafter "TRU-PAK"), by and through its undersigned counsel, files herewith its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and states:

    1.    TRU-PAK admits that jurisdiction lies with this Court, however, this Defendant is without knowledge of the value of the property at issue, and therefore denies the remaining allegations in said paragraph.

    2.    Although TRU-PAK is without any knowledge as to the property at issue or the location thereof, this Defendant does not contest Plaintiff's assertion as to proper venue.

    3.    TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies same.

    4.    TRU-PAK is without sufficient knowledge or information to form a belief as to the

truth of the allegations in paragraph 4, and therefore denies same.

5. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.

6. It is admitted that TRU-PAK is a North Carolina corporation, however, the remaining allegations in paragraph 6 are denied.

## INTRODUCTION

7. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and therefore denies same.

8. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies same.

9. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies same.

10. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and therefore denies same.

11. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and specifically denies having contracted with Plaintiff or with FREIGHTZ with regard to the property descirbed in said paragraph.

12. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and specifically denies any involvement whatsoever with regard to the subject shipments described in the First Amended Complaint.

13. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies same.

## COUNT I

14. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies same.

16. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies same.

17. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and therefore denies same.

18. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and therefore denies same.

19. TRU-PAK denies any involvement whatsoever with regard to the transportation services described in paragraph 19, and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies same.

20. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and therefore denies same.

21. TRU-PAK denies ever being informed about the subject shipment and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies same.

22. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 as they pertain to FREIGHTZ, and specifically denies said allegations as they pertain to this Defendant.

23. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and specifically denies said allegations as they pertain to this Defendant.

24. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and therefore denies same.

25. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and therefore denies same.

26. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 as they pertain to YRC, and specifically denies said allegations as they pertain to this Defendant.

27. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27, and therefore denies same.

28. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and therefore denies same.

29. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and therefore denies same.

30. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and therefore denies same.

31. TRU-PAK is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31, and therefore denies same.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Upon diligent search and inquiry, TRU-PAK has not been able to locate any record of the shipment(s) described in the First Amended Complaint. There are no records or shipping documents indicating that TRU-PAK ever transported any of the cargo described in Plaintiff's First Amended Complaint, nor any documents indicating that TRU-PAK ever had possession of the subject cargo. Accordingly, there can be no liability of the part of this Defendant for the alleged damage asserted herein and the claims against this Defendant must be dismissed.

SECOND AFFIRMATIVE DEFENSE

At no time was TRU-PAK retained by any of the other parties hereto, nor by anyone else to perform any transportation or other services with regard to the subject shipments upon which this action is based, and accordingly, TRU-PAK is an improper party to this action.

THIRD AFFIRMATIVE DEFENSE

There is no contract between TRU-PAK and any of the other Defendants hereto to perform any service whatsoever with regard to the subject shipment, further rendering TRU-PAK an improper party to this action.

FOURTH AFFIRMATIVE DEFENSE

Any and all damages that Plaintiff alleges to have sustained were caused by third parties for whom TRU-PAK is not responsible and accordingly, the claims asserted against this Defendant must be dismissed.

FIFTH AFFIRMATIVE DEFENSE

Because the shipments described in the First Amended Complaint were interstate in nature, this action is governed exclusively by the Carmack Amendment to the Interstate Commerce Act,

49 U.S.C. §14706, which preempts all state law claims such as those asserted herein. Accordingly, said claims are subject to dismissal.

### SIXTH AFFIRMATIVE DEFENSE

The Carmack Amendment imposes liability upon a "carrier providing transportation or service . . . and any other carrier that delivers the property and is providing transportation or service. . . " . 49 U.S.C. §14706 (a) (1). There are no documents indicating that TRU-PAK performed any transportation or service(s) with regard to the subject shipments upon which this action is based, and accordingly, there can be no liability on the part of TRU-PAK in accordance with the governing law.

### SEVENTH AFFIRMATIVE DEFENSE

At not time was a claim ever filed with TRU-PAK for the alleged damages upon which this action is based as required by the Carmack amendment, which serves as a bar to any recovery.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted and accordingly, the First Amended Complaint must be dismissed.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court via CM/ECF on this 8th day of January, 2014. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the following service list in the manner specified, either via transmission of Notices of Electronic Filing generated or in some

other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

          By:    /s/ HEIDI M. ROTH
                  Heidi M. Roth, Esquire
                  Florida Bar No.: 356034
                  Heidi M. Roth, P.A.
                  Attorneys for TRU-PAK
                  2600 Douglas Road. Suite 607
                  Coral Gables, Florida  33134
                  E-mail:  heidirothpa@aol.com
                  Telephone: (305) 445-8840
                  Telecopier: (305) 446-7566

**SERVICE LIST**

**David M. Goldstein, Esquire**
Law Office of David M. Goldstein, P.A.
Attorney for Plaintiff
12000 Biscayne Boulevard, Suite 802
North Miami, FL 33181
Email: david @dmgpa.com
Phone: 305-372-3535
Fax:    305-577-8232

**Hyman Hillenbrand, Esquire**
Hillenbrand, O'Brien & Solomon, LLP
Attorney for YRC and FREIGHTZ
8751 W Broward Boulevard, Suite 106
Fort Lauderdale, FL 33324
Email: hhillenbrand@ustransportlaw.com
Phone: 954-652-0100
Fax:   954-652-0103